# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LARRY LEE MORRIS, JR.,**

    **Plaintiff,**

vs.                                           **Case No. 4:21cv110-AW-MAF**

**CITY OF TALLAHASSEE,
OFFICER JUSTIN HILL,
and SERGEANT I. BOYKIN,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has partially complied with prior Orders entered in this case. *See* ECF Nos. 4, 10. He has submitted an amended complaint, ECF No. 11, in which he properly discloses one prior related case.[1] *See* ECF No. 11 at 6. Plaintiff did not, however, file the required separate notice as required by Local Rule 5.6 as directed. Notwithstanding

---

[1] Plaintiff previously filed case number 4:20cv185-TKW-MAF against the City of Tallahassee, and Officers Boykin, Hill, and Turner based on the same events alleged in this case. After issuance of a Report and Recommendation which recommended that Plaintiff's second amended complaint be dismissed for failure to state a claim, ECF No. 12 of that case, Plaintiff filed a motion for voluntary dismissal, ECF No. 13, which was accepted. At the time of dismissal (August 20, 2020), Plaintiff was still facing criminal charges.

his non-compliance with two Orders, Plaintiff's amended complaint, ECF No. 11, has been reviewed to determine if it sufficiently states a claim such that service should be directed.

Plaintiff's amended complaint is based on a dispute with his roommate that occurred in December 2019. ECF No. 11 at 10. Defendant Hill, a Tallahassee police officer, along with Officer Turner responded to Plaintiff's non-emergency call for service. *Id.* at 10-11. After speaking with Plaintiff, Defendant Hill left to speak with Plaintiff's roommate and investigate Plaintiff's claim that the roommate had threatened him. *Id.* After conducting an investigation and background check, Defendant Hill ultimately did not file charges against Plaintiff's roommate, although Plaintiff states that he was "under the impression" that his roommate had been taken to jail. *Id.* at 11-13. Plaintiff alleges that he told Officer Turner that he was in fear for his life from his roommate and he wanted to "press charges." *Id.* at 11.

Plaintiff also maintains that Defendant Hill filed a "false police report" about that incident because he said in the report that Plaintiff had "refused to provide a written statement" and said that Plaintiff did not want to have charges filed against the roommate. *Id.* at 10-12, 15. Plaintiff also asserts,

without any supporting facts, that Defendant Boykin (who was Defendant Hill's supervisor) supported "the incident report and the false statements." *Id.* at 15.

A day or two after that first incident, Plaintiff and his roommate had another altercation. *Id.* at 14. This time, the altercation was physical and Plaintiff states that he was "in fear" and "injured" his roommate. *Id.* Plaintiff was arrested on December 17, 2019, and charged with aggravated battery with a deadly weapon. *Id.*[2] The charges were ultimately dismissed.[3] *Id.* at 16.

Plaintiff's first claim is against the City of Tallahassee for "deliberate indifference." ECF No. 11 at 17. He also asserts a "failure to train" claim. *Id.* at 18. However, Plaintiff did not allege any facts to show that the City of Tallahassee had knowledge of any prior similar incidents which would indicate a need for additional or different training.

---

[2] Plaintiff was charged by Information for stabbing his roommate with a knife on December 17, 2019. ECF No. 1 at 28 (case number 19-CF-04288, Second Judicial Circuit Court, in and for Leon County, Florida).

[3] Plaintiff has shown that the charge was "nolle prossed" on February 2, 2021. ECF No. 1 at 32.

There are only "limited circumstances" that support a failure to adequately train claim that may be brought under § 1983.  City of Canton v. Harris, 489 U.S. 378, 387 (1989).  These "limited circumstances" occur only where a policymaker or supervising official knows of a need to train and/or supervise in a particular area, yet makes a deliberate choice not to take any action.

> [A] plaintiff alleging a constitutional violation premised on a failure to train must demonstrate that the supervisor had "actual or constructive notice that a particular omission in their training program causes [his or her] employees to violate citizens' constitutional rights," and that armed with that knowledge the supervisor chose to retain that training program.

Connick v. Thompson, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011) (quoted in Keith v. DeKalb Cty., 749 F.3d 1034, 1052 (11th Cir. 2014)).  "To establish that [a] supervisor was on actual or constructive notice of the deficiency of training, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary.'"  Connick, 131 S. Ct. at 1360 (quoted in Keith, 749 F.3d at 1053).  Because Plaintiff provided no such factual allegations, his claim against the City of Tallahassee is insufficient.

Additionally, Plaintiff names Defendant Boykin as a Defendant in this case, but Plaintiff fails to provide any facts which demonstrate that this

Defendant took any actions which violated his constitutional rights. Plaintiff's contention that Defendant Boykin "supported" Defendant Hill's incident report is both conclusory and insufficient. "[I]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Keith v. DeKalb Cty., 749 F.3d 1034, 1047 (11th Cir. 2014). Thus, Plaintiff has failed to state a claim against Defendant Boykin.

As for Defendant Hill, Plaintiff first asserts that Defendant Hill "failed to provide any victim protection information." ECF No. 11 at 19. That claim is insufficient because there is no constitutional right to be provided with "victim protection information."

In addition, Plaintiff contends Defendant Hill denied him "access to the courts." Id. However, Plaintiff provided no facts to support that claim; Plaintiff has not demonstrated that he was denied access to the courts, nor has he described how the Defendant denied him access. Both of those claims are insufficient.

Plaintiff also sought to bring claims against Defendant Hill for the time he was in detention. He asserted claims for deprivation of family

association and the loss of income.  ECF No. 11 at 20.  Both of those claims are insufficient because there are no facts alleged which demonstrate that Defendant Hill was responsible for his arrest or detention. Judicial notice is taken pursuant to Fed. R. Evid. 201(b)(2) of Plaintiff's state court case which reveals that Plaintiff was not arrested by Defendant Hill but, instead, Officer Broxsie arrested him for aggravated battery.[4]

Moreover, even *if* Plaintiff had been arrested by Defendant Hill, Plaintiff's continued detention and the loss of income and family contact was not due to the actions of the arresting officer.  That is so because the Fourth Amendment "requires a timely judicial determination of probable cause as a prerequisite to detention . . . ."  Gerstein v. Pugh, 420 U.S. 103, 126, 95 S. Ct. 854, 869, 43 L. Ed. 2d 54 (1975).  The docket for Plaintiff's state court case reveals that Plaintiff was brought before state court judge Francis Allman on December 18, 2019, for a First Appearance.  *See* documents 5-7, 11 of state court case number 2019 CF 004288.  The docket further reveals that Judge Allman entered an order setting bond for Plaintiff in that case, but due to his arrest, Plaintiff's bond was revoked in a

---

[4] *See* document 6, case number 2019 CF 004288 A, Second Judicial Circuit Court in and for Leon County, Florida.

Case No. 4:21cv110-AW-MAF

prior case, state court case number 2019 CF 001186.[5] Accordingly, Plaintiff cannot seek to hold Defendant Hill liable for his prolonged period of detention in the Leon County Detention Center prior to the battery charge being nolle prossed. Plaintiff's detention was due to a judicial order.

Plaintiff also sought to assert a claim against Defendant Hill for defamation of character, ECF No. 11 at 20, but that claim is based on "misleading statements" which Plaintiff contends were made by Defendant Hill in the police report. Plaintiff has not, however, supported that claim with any relevant facts. The only statements that Plaintiff identified as false were that he "refused to provide a written statement" and told law enforcement that he "did not want to prosecute" his roommate. ECF No. 11 at 15. Neither of those statements are defamatory; there is nothing within those statements that injure Plaintiff's reputation. Accordingly, this claim is also insufficient to proceed.

The remaining claims against Defendant Hill are also insufficient. In essence, Plaintiff has claimed that Defendant Hill failed to arrest Plaintiff's roommate and, thereby, placed him in danger. Plaintiff contends that

---

[5] Judicial notice is taken that Plaintiff was charged with felony theft in case number 2019 CF 001186. The docket for that case reveals his bond was revoked on December 18, 2019. Documents 47-49 of that case.

"Officer Hill knew of and disregarded a serious risk of physical, emotional, and financial injury." ECF No. 11 at 21. He claims that Defendant Hill was deliberately indifferent to Plaintiff's "personal security" and created a "danger by failing to arrest" his roommate. *Id.*

As Plaintiff has previously been informed, he does not have a constitutional right to have another person arrested. Plaintiff's dissatisfaction with the manner in which Defendant Hill conducted the investigation, without more, is not sufficient to state a claim. Private citizens do not have "a judicially cognizable interest in the prosecution or nonprosecution of another." Diamond v. Charles, 476 U.S. 54, 64, 106 S. Ct. 1697, 1704, 90 L. Ed. 2d 48 (1986) (other citations omitted). Thus, all claims based on the fact that Defendant Hill did not arrest Plaintiff's roommate are insufficient.

To the degree Plaintiff has attempted to assert a claim for deliberate indifference, that claim is also insufficient. Plaintiff was not in state custody when he and his roommate got into an altercation. This is not a prison or detention center situation which would make Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), applicable. This is also not a situation like Doe v. New York City Dep't of Soc. Servs., 649 F.2d 134 (2d

Cir. 1981), cert. denied, 104 S. Ct. 195 (1983), in which a state official may be held responsible for a minor child's safety. Because Plaintiff is an adult, he could have left the apartment or residence. If Plaintiff believed his life was in danger, Plaintiff could have sought protection by obtaining an injunction from state court. However, in this situation, there are no facts alleged which support a deliberate indifference claim against Defendant Hill. Plaintiff's claim, which is based on the officer's failure to protect him from an alleged threat, is insufficient.

Having thoroughly reviewed Plaintiff's amended complaint, ECF No. 11, it is concluded that Plaintiff is unable to state a viable claim for relief. This case should be dismissed.

Finally, Plaintiff is advised that he has the opportunity to be heard on the propriety of taking judicial notice of the state court docket and the documents cited herein. *See* Fed. R. Evid. 201(e). To be heard, he must either file objections to this Report and Recommendation, or he may file a motion for reconsideration.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 11, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 14, 2021.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**